UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

INDYMAC BANK, F.S.B.,                :    No. 4:CV-05-1255
                                     :
       Plaintiff,                    :    Complaint filed 06/21/05
                                     :
           v.                        :    Judge Muir
                                     :
DANNY RIVERA,                        :
                                     :
       Defendant                     :

ORDER #1 of

August 24, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On June 21, 2005, Plaintiff Indymac Bank, F.S.B.

(hereinafter "Indymac"), initiated this action by filing a two-

count complaint against Danny Rivera.  Indymac claims that it

entered into a mortgage for real estate with Rivera, Rivera has

not fulfilled the obligations imposed upon him pursuant to the

mortgage, and he is now in default under the terms of that loan.

Indymac seeks an *in rem* judgment authorizing, *inter alia*, the

sale of the property at issue.  On June 22, 2005, the Clerk of

Court issued a summons to be served on Rivera.

The only additional information on the docket concerning

service of the summons is the returned "Summons in a Civil

Action" filed on July 8, 2005.  In that document the process

server apparently hired by Indymac indicates that service was

made by leaving copies of the summons and complaint at the

property subject to the mortgage.  However, the document further

includes the following notation: "Property vacant."

On August 3, 2005, Indymac filed a motion addressed to the Clerk of Court to enter a default, a motion addressed to the court for default judgment, and a brief and affidavit in support of the motion for default judgment.  The Clerk of Court entered a default against Rivera on August 4, 2005.

Before addressing the merits of the motion for default judgment, we are compelled to comment on the issue of whether proper service of the complaint and summons has been made upon Rivera.  Federal Rule of Civil procedure 4(e), entitled "Service Upon Individuals within a Judicial District of the United States," provides in relevant part that

> ... service upon an individual ... may be effected ... by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein ....

Fed.R.Civ.P. 4(e)(2).

Indymac's attempt to serve the summons and complaint upon Rivera does not comply with that rule.  The complaint filed in this case states that Rivera resides at an address in Bronx, New York, yet service was attempted at the property subject to the mortgage, which is in Effort, Pennsylvania.  According to the allegations in the complaint, that property is not Rivera's "dwelling house or usual place of abode."  In addition, the documents could not have been left with "some person of suitable

age and discretion then residing therein" because the property is described as having been "vacant."

We will deny Indymac's motion for default judgment without prejudice to its right to re-file the motion after service of the summons and complaint have been accomplished in accordance with the Federal Rules of Civil Procedure.  We will also vacate the default entered by the Clerk of Court because of the failed attempts to serve the complaint and summons upon Rivera.

NOW, THEREFORE, IT IS ORDERED THAT:

1.    Indymac's motion for default judgment (Document 6) is denied without prejudice.

2.    The default entered by the Clerk of Court on August 4, 2005, is vacated.


                                        s/Malcolm Muir
                                        MUIR, U.S. District Judge

MM:ga